Andres Diaz (A4309)
Thomas D. Neeleman (A4639)
Geoffrey L. Chesnut (A12058)
**RED ROCK LEGAL SERVICES, P.L.L.C.**
491 North Bluff Street, Ste. 301
St. George, UT 84790
Telephone: (435) 634-1000
Fax: (435) 634-1001
Email: courtmailrr@expresslaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In Re:<br>**MATTHEW WILBER**<br>**STEPHANIE WILBER**<br>Debtors. | **Bankruptcy No.  15-31489**<br>**Chapter 13**<br><br>**Judge William T. Thurman** |

**MOTION TO AUTHORIZE SECURED LOAN**
**AND REQUEST FOR PAYMENT OF ATTORNEY'S FEES**

Matthew Wilber and Stephanie Wilber (the "Debtors"), by and through counsel, Red

Rock Legal Services, P.L.L.C., respectfully move the Court for an Order authorizing them to

borrow in total approximately $307,742.00 to purchase a home and real property located at

2301 Bryson Circle, Santa Clara, Utah and to execute all necessary documents to incur the debt

and purchase the real property.  The Debtors base this Motion on the following:

1.      The Debtors would like to purchase a new home located at 2301 Bryson Circle,

Santa Clara, Utah ("the Property").

2.      The Debtors have negotiated and offered by Real Estate Purchase Contract

("REPC") to purchase the home and real property a copy of the REPC is attached as Exhibit A

(attached to original on file with Court only).

3.      The Debtors have negotiated an FHA loan to purchase the Property through Bay Equity Home Loans; these proposed loans are attached as Exhibit B (attached to original on file with Court only).

4.      Exhibit B is an FHA loan for the purchase of the home in the approximate amount of $307,742.00 at 4.625% fixed interest for 360 months.

5.      The remaining costs associated with closing will come from gift funds from Doug and Lori Bills.

6.      The Debtors believe the purchase and incurring this debt will be beneficial to the Debtors.

7.      The payment for the mortgage Debtors will be pay is approximately $2,012.16 per month, an increase from the approximately $1,630.00 per month Debtors have paid in rent and renter's insurance.

8.      Debtors are committing to reducing discretionary expenses in order to cover the additional increase.

9.      Additionally, Mr. Wilber is also working a second job at Cherry Creek Media.

10.      The Debtors have reviewed and filed an amended budget due to the change in circumstances after their move to the Property.

11.       The amended budget indicates the Debtors have reduced discretionary expenses in an amount sufficient to make payment on this new obligation.

WHEREFORE, the Debtor respectfully moves the Court for an Order authorizing the Debtor to obtain these secured loans, and allowing Red Rock Legal Services, P.L.L.C. attorney's

fees up to $1,200.00 for this Motion and associated expedited hearing requests and the hearing

on this matter and for such other and further relief as the Court deems just and proper.

DATED this 10th day of April 2016.

Red Rock Legal Services, P.L.L.C.
       /s/  Geoffrey L. Chesnut
Geoffrey L. Chesnut
Attorney for Debtors

# Exhibit A

# REAL ESTATE PURCHASE CONTRACT

This is a legally binding Real Estate Purchase Contract ("REPC"). Utah law requires real estate licensees to use this form. Buyer and Seller, however, may agree to alter or delete its provisions or to use a different form. If you desire legal or tax advice, consult your attorney or tax advisor.

## OFFER TO PURCHASE AND EARNEST MONEY DEPOSIT

On this <u>17th</u> day of <u>February</u>, 20<u>17</u> ("Offer Reference Date") <u>Matt & Stephanie Wilber</u> ("Buyer") offers to purchase from <u>BECKSTROM BRICE & NICOLE</u> ("Seller") the Property described below and [  ] delivers to the Buyer's Brokerage with this offer, or [ X ] agrees to deliver no later than four (4) calendar days after Acceptance (as defined in Section 23), Earnest Money in the amount of $ <u>2000</u> in the form of <u>check</u>. After Acceptance of the REPC by Buyer and Seller, and receipt of the Earnest Money by the Brokerage, the Brokerage shall have four (4) calendar days in which to deposit the Earnest Money into the Brokerage Real Estate Trust Account.

Buyer's Brokerage <u>RealtyPath St George</u>                   Phone: <u>435-632-9819</u>

Received by: _____ on _____ (Date)
            (Signature above acknowledges receipt of Earnest Money)

## OTHER PROVISIONS

**1. PROPERTY:** <u>SC-HIW-C-14</u>

also described as: <u>2301 BRYSON Circle</u>

City of <u>Santa Clara</u>, County of <u>Washington</u>, State of Utah, Zip <u>84765</u> (the "Property").
Any reference below to the term "Property" shall include the Property described above, together with the Included Items and water rights/water shares, if any, referenced in Sections 1.1, 1.2 and 1.4.

   **1.1   Included Items.** Unless excluded herein, this sale includes the following items if presently owned and in place on the Property: plumbing, heating, air conditioning fixtures and equipment; ovens, ranges and hoods; cook tops; dishwashers; ceiling fans; water heaters; light fixtures and bulbs; bathroom fixtures and bathroom mirrors; curtains, draperies, rods, window blinds and shutters; window and door screens; storm doors and windows; awnings; satellite dishes; affixed carpets; automatic garage door openers and accompanying transmitters; security system; fencing and any landscaping.

   **1.2   Other Included Items.** The following items that are presently owned and in place on the Property have been left for the convenience of the parties and are also included in this sale (**check applicable box): [  ] washers [  ] dryers [ X ] refrigerators [  ] water softeners [  ] microwave ovens [ X ] other (specify)_____**

The above checked items shall be conveyed to Buyer under separate bill of sale with warranties as to title.

   **1.3   Excluded Items.** The following items are excluded from this sale: _____

   **1.4   Water Service.** The Purchase Price for the Property shall include all water rights/water shares, if any, that are the legal source for Seller's current culinary water service and irrigation water service, if any, to the Property. The water rights/water shares will be conveyed or otherwise transferred to Buyer at Closing by applicable deed or legal instruments. The following water rights/water shares, if applicable, are specifically excluded from this sale: _____

**2. PURCHASE PRICE.** The Purchase Price for the Property is $ <u>319,900</u>. Except as provided in this Section, the Purchase Price shall be paid as provided in Sections 2(a) through 2(d) below. Any amounts shown in 2(b) and 2(d) may be adjusted as deemed necessary by Buyer and the Lender.

$ <u>2000</u>        **(a) Earnest Money Deposit.** Under certain conditions described in the REPC, this deposit may become totally non refundable.

$ <u>308,703.50</u>   **(b) New Loan.** Buyer may apply for mortgage loan financing (the "Loan") on terms acceptable to Buyer: If an FHA/VA loan applies, see attached FHA/VA Loan Addendum.

$_____        **(c) Seller Financing** (see attached Seller Financing Addendum)

$ <u>9196.50</u>     **(d) Balance of Purchase Price in Cash at Settlement**

$ <u>319,900</u>     **PURCHASE PRICE.  Total of lines (a) through (d)**

Page 1 of 6 pages    Buyer's Initials _____ Date 2/17/2017    Seller's Initials _____ Date

BB   2/18/2017

2/18/2017

## 3.  SETTLEMENT AND CLOSING.

**3.1  Settlement.**  Settlement shall take place no later than the Settlement Deadline referenced in Section 24(d), or as otherwise mutually agreed by Buyer and Seller in writing. "Settlement" shall occur only when all of the following have been completed: (a) Buyer and Seller have signed and delivered to each other or to the escrow/closing office all documents required by the REPC, by the Lender, by the title insurance and escrow/closing offices, by written escrow instructions (including any split closing instructions, if applicable), or by applicable law; (b) any monies required to be paid by Buyer or Seller under these documents (except for the proceeds of any new loan) have been delivered by Buyer or Seller to the other party, or to the escrow/closing office, in the form of cash, wire transfer, cashier's check, or other form acceptable to the escrow/closing office.

**3.2  Prorations.**  All prorations, including, but not limited to, homeowner's association dues, property taxes for the current year, rents, and interest on assumed obligations, if any, shall be made as of the Settlement Deadline referenced in Section 24(d), unless otherwise agreed to in writing by the parties. Such writing could include the settlement statement. The provisions of this Section 3.2 shall survive Closing.

**3.3  Special Assessments.**  Any assessments for capital improvements as approved by the HOA (pursuant to HOA governing documents) or as assessed by a municipality or special improvement district, prior to the Settlement Deadline shall be paid for by: [X] Seller [ ] Buyer [ ] Split Equally Between Buyer and Seller [ ] Other (explain) _____
_____. The provisions of this Section 3.3 shall survive Closing.

**3.4  Fees/Costs/Payment Obligations.**  Unless otherwise agreed to in writing, Seller and Buyer shall each pay one-half (1/2) of the fee charged by the escrow/closing office for its services in the settlement/closing process. Tenant deposits (including, but not limited to, security deposits, cleaning deposits and prepaid rents) shall be paid or credited by Seller to Buyer at Settlement. Buyer agrees to be responsible for homeowners' association and private and public utility service transfer fees, if any, and all utilities and other services provided to the Property after the Settlement Deadline. The escrow/closing office is authorized and directed to withhold from Seller's proceeds at Closing, sufficient funds to pay off on Seller's behalf all mortgages, trust deeds, judgments, mechanic's liens, tax liens and warrants. The provisions of this Section 3.4 shall survive Closing.

**3.5  Closing.**  For purposes of the REPC, "Closing" means that: (a) Settlement has been completed; (b) the proceeds of any new loan have been delivered by the Lender to Seller or to the escrow/closing office; and (c) the applicable Closing documents have been recorded in the office of the county recorder. The actions described in 3.5 (b) and (c) shall be completed within four calendar days after Settlement.

## 4.  POSSESSION.
Seller shall deliver physical possession of the Property to Buyer as follows: [X] Upon Closing; [ ] ____Hours after Closing; [ ] ____Calendar Days after Closing. Any contracted rental of the Property prior to or after Closing, between Buyer and Seller, shall be by separate written agreement. Seller and Buyer shall each be responsible for any insurance coverage each party deems necessary for the Property including any personal property and belongings. Seller agrees to deliver the Property to Buyer in broom-clean condition and free of debris and personal belongings. Any Seller or tenant moving-related damage to the Property shall be repaired at Seller's expense. The provisions of this Section 4 shall survive Closing.

## 5.  CONFIRMATION OF AGENCY DISCLOSURE.
Buyer and Seller acknowledge prior written receipt of agency disclosure provided by their respective agent that has disclosed the agency relationships confirmed below. At the signing of the REPC:

Seller's Agent ___David Whitehead_____, represents [X] Seller [ ] both Buyer and Seller as a Limited Agent;

Seller's Brokerage ___Red Rock Real Estate_____, represents [X] Seller [ ] both Buyer and Seller as a Limited Agent;

Buyer's Agent ___Dana Nicholls_____, represents [X] Buyer [ ] both Buyer and Seller as a Limited Agent;

Buyer's Brokerage ___RealtyPath St George_____, represents [X] Buyer [ ] both Buyer and Seller as a Limited Agent.

## 6.  TITLE & TITLE INSURANCE.

**6.1  Title to Property.**  Seller represents that Seller has fee title to the Property and will convey marketable title to the Property to Buyer at Closing by general warranty deed. Buyer does agree to accept title to the Property subject to the contents of the Commitment for Title Insurance (the "Commitment") provided by Seller under Section 7, and as reviewed and approved by Buyer under Section 8. Buyer also agrees to accept title to the Property subject to any existing leases, rental and property management agreements affecting the Property not expiring prior to Closing which were provided to Buyer pursuant to Section 7(e). The provisions of this Section 6.1 shall survive Closing.

**6.2  Title Insurance.**  At Settlement, Seller agrees to pay for and cause to be issued in favor of Buyer, through the title insurance agency that issued the Commitment (the "Issuing Agent"), the most current version of the *ALTA Homeowner's Policy of Title Insurance* (the "*Homeowner's Policy*"). If the *Homeowner's Policy* is not available through the Issuing Agent, Buyer and Seller further agree as follows: (a) Seller agrees to pay for the *Homeowner's Policy* if available

Page 2 of 6 pages    Buyer's Initials _____ Date___2/17/2017___    Seller's Initials __BB__ Date_____

2/18/2017

2/18/2017

through any other title insurance agency selected by Buyer; (b) if the *Homeowner's Policy* is not available either through the Issuing Agent or any other title insurance agency, then Seller agrees to pay for, and Buyer agrees to accept, the most current available version of an *ALTA Owner's Policy of Title Insurance ("Standard Coverage Owner's Policy")* available through the Issuing Agent.

**7. SELLER DISCLOSURES.** No later than the Seller Disclosure Deadline referenced in Section 24(a), Seller shall provide to Buyer the following documents in hard copy or electronic format which are collectively referred to as the "Seller Disclosures":

(a) a written Seller property condition disclosure for the Property, completed, signed and dated by Seller as provided in Section10.3;
(b) a Commitment for Title Insurance as referenced in Section 6;
(c) a copy of any restrictive covenants (CC&R's), rules and regulations affecting the Property;
(d) a copy of the most recent minutes, budget and financial statement for the homeowners' association, if any;
(e) a copy of any lease, rental, and property management agreements affecting the Property not expiring prior to Closing;
(f) evidence of any water rights and/or water shares referenced in Section 1.4;
(g) written notice of any claims and/or conditions known to Seller relating to environmental problems and building or zoning code violations; and
(h) Other (specify) _____

**8. BUYER'S CONDITIONS OF PURCHASE.**

    **8.1 DUE DILIGENCE CONDITION.** Buyer's obligation to purchase the Property: **[ X ] IS [  ] IS NOT** conditioned upon Buyer's Due Diligence as defined in this Section 8.1(a) below. This condition is referred to as the "Due Diligence Condition." If checked in the affirmative, Sections 8.1(a) through 8.1(c) apply; otherwise they do not.
        **(a) Due Diligence Items.** Buyer's Due Diligence shall consist of Buyer's review and approval of the contents of the Seller Disclosures referenced in Section 7, and any other tests, evaluations and verifications of the Property deemed necessary or appropriate by Buyer, such as: the physical condition of the Property; the existence of any hazardous substances, environmental issues or geologic conditions; the square footage or acreage of the land and/or improvements; the condition of the roof, walls, and foundation; the condition of the plumbing, electrical, mechanical, heating and air conditioning systems and fixtures; the condition of all appliances; the costs and availability of homeowners' insurance and flood insurance, if applicable; water source, availability and quality; the location of property lines; regulatory use restrictions or violations; fees for services such as HOA dues, municipal services, and utility costs; convicted sex offenders residing in proximity to the Property; and any other matters deemed material to Buyer in making a decision to purchase the Property. Unless otherwise provided in the REPC, all of Buyer's Due Diligence shall be paid for by Buyer and shall be conducted by individuals or entities of Buyer's choice. Seller agrees to cooperate with Buyer's Due Diligence. Buyer agrees to pay for any damage to the Property resulting from any such inspections or tests during the Due Diligence.
        **(b) Buyer's Right to Cancel or Resolve Objections.** If Buyer determines, in Buyer's sole discretion, that the results of the Due Diligence are unacceptable, Buyer may either: (i) no later than the Due Diligence Deadline referenced in Section 24(b), cancel the REPC by providing written notice to Seller, whereupon the Earnest Money Deposit shall be released to Buyer without the requirement of further written authorization from Seller; or (ii) no later than the Due Diligence Deadline referenced in Section 24(b), resolve in writing with Seller any objections Buyer has arising from Buyer's Due Diligence.
        **(c) Failure to Cancel or Resolve Objections.** If Buyer fails to cancel the REPC or fails to resolve in writing any objections Buyer has arising from Buyer's Due Diligence, as provided in Section 8.1(b), Buyer shall be deemed to have waived the Due Diligence Condition.

    **8.2 APPRAISAL CONDITION.** Buyer's obligation to purchase the Property: **[X] IS [ ] IS NOT** conditioned upon the Property appraising for not less than the Purchase Price. This condition is referred to as the "Appraisal Condition." If checked in the affirmative, Sections 8.2(a) and 8.2(b) apply; otherwise they do not.
        **(a) Buyer's Right to Cancel.** If after completion of an appraisal by a licensed appraiser, Buyer receives written notice from the Lender or the appraiser that the Property has appraised for less than the Purchase Price (a "Notice of Appraised Value"), Buyer may cancel the REPC by providing written notice to Seller (with a copy of the Notice of Appraised Value) no later than the Financing & Appraisal Deadline referenced in Section 24(c); whereupon the Earnest Money Deposit shall be released to Buyer without the requirement of further written authorization from Seller.
        **(b) Failure to Cancel.** If the REPC is not cancelled as provided in this section 8.2, Buyer shall be deemed to have waived the Appraisal Condition.

    **8.3 FINANCING CONDITION.** Buyer's obligation to purchase the property: **[X] IS [ ] IS NOT** conditioned upon Buyer obtaining the Loan referenced in Section 2(b). This condition is referred to as the "Financing Condition." If checked in the affirmative, Sections 8.3(a) and 8.3(b) apply; otherwise they do not. If the Financing Condition applies, Buyer agrees to work diligently and in good faith to obtain the Loan.

Page 3 of 6 pages    Buyer's Initials _____ Date 2/17/2017    Seller's Initials _____ Date _____

<span style="float:right">2/18/2017</span>

<span style="float:right">2/18/2017</span>

**(a) Buyer's Right to Cancel Before the Financing & Appraisal Deadline.** If Buyer, in Buyer's sole discretion, is not satisfied with the terms and conditions of the Loan, Buyer may cancel the REPC by providing written notice to Seller no later than the Financing & Appraisal Deadline referenced in Section 24(c); whereupon the Earnest Money Deposit shall be released to Buyer without the requirement of further written authorization from Seller.

**(b) Buyer's Right to Cancel After the Financing & Appraisal Deadline.** If after expiration of the Financing & Appraisal Deadline referenced in Section 24(c), Buyer fails to obtain the Loan, meaning that the proceeds of the Loan have not been delivered by the Lender to Seller or to the escrow/closing office as required under Section 3.5 of the REPC, then Buyer or Seller may cancel the REPC by providing written notice to the other party; whereupon the Earnest Money Deposit, or Deposits, if applicable (see Section 8.4 below), shall be released to Seller without the requirement of further written authorization from Buyer. In the event of such cancellation, Seller agrees to accept as Seller's exclusive remedy, the Earnest Money Deposit, or Deposits, if applicable, as liquidated damages. Buyer and Seller agree that liquidated damages would be difficult and impractical to calculate, and the Earnest Money Deposit, or Deposits, if applicable, is a fair and reasonable estimate of Seller's damages in the event Buyer fails to obtain the Loan.

**8.4   ADDITIONAL EARNEST MONEY DEPOSIT.** If the REPC has not been previously canceled by Buyer as provided in Sections 8.1, 8.2 or 8.3(a), then no later than the Due Diligence Deadline referenced in Section 24(b), or the Financing & Appraisal Deadline referenced in Section 24(c), whichever is later, Buyer: **[  ] WILL [ X ] WILL NOT** deliver to the Buyer's Brokerage, an Additional Earnest Money Deposit in the amount of  $_____. The Earnest Money Deposit and the Additional Earnest Money Deposit, if applicable, are sometimes referred to herein as the "Deposits". The Earnest Money Deposit, or Deposits, if applicable, shall be credited toward the Purchase Price at Closing.

**9. ADDENDA.** There **[X] ARE [  ] ARE NOT** addenda to the REPC containing additional terms. If there are, the terms of the following addenda are incorporated into the REPC by this reference: **[  ] Addendum No. _____**
**[  ] Seller Financing Addendum [X] FHA/VA Loan Addendum [  ] Lead-Based Paint Disclosure & Acknowledgement (in some transactions this disclosure is required by law) [  ] Other (specify) _____**

**10. HOME WARRANTY PLAN / AS-IS CONDITION OF PROPERTY.**
**10.1   Home Warranty Plan.** A one-year Home Warranty Plan **[X] WILL [  ] WILL NOT** be included in this transaction. If included, the Home Warranty Plan shall be ordered by **[X] Buyer [  ] Seller** and shall be issued by a company selected by **[ X ] Buyer [  ] Seller**. The cost of the Home Warranty Plan shall not exceed $__450__ and shall be paid for at Settlement by **[  ] Buyer [ X ] Seller**.
**10.2   Condition of Property/Buyer Acknowledgements.** Buyer acknowledges and agrees that in reference to the physical condition of the Property: (a) Buyer is purchasing the Property in its "As-Is" condition without expressed or implied warranties of any kind; (b) Buyer shall have, during Buyer's Due Diligence as referenced in Section 8.1, an opportunity to completely inspect and evaluate the condition of the Property; and (c) if based on the Buyer's Due Diligence, Buyer elects to proceed with the purchase of the Property, Buyer is relying wholly on Buyer's own judgment and that of any contractors or inspectors engaged by Buyer to review, evaluate and inspect the Property.
**10.3   Condition of Property/Seller Acknowledgements.** Seller acknowledges and agrees that in reference to the physical condition of the Property, Seller agrees to: (a) disclose in writing to Buyer defects in the Property known to Seller that materially affect the value of the Property that cannot be discovered by a reasonable inspection by an ordinary prudent Buyer; (b) carefully review, complete, and provide to Buyer a written Seller property condition disclosure as stated in section 7(a); and (c) deliver the Property to Buyer in substantially the same general condition as it was on the date of Acceptance, as defined in Section 23, ordinary wear and tear excepted. The provisions of Sections 10.2 and 10.3 shall survive Closing.

**11. FINAL PRE-SETTLEMENT WALK-THROUGH INSPECTION.**
**11.1      Walk-Through Inspection.** No earlier than seven (7) calendar days prior to Settlement, and upon reasonable notice and at a reasonable time, Buyer may conduct a final pre-Settlement walk-through inspection of the Property to determine only that the Property is "as represented," meaning that the items referenced in Sections 1.1, 1.2 and 8.1(b)(ii) ("the items") are respectively present, repaired or corrected as agreed. The failure to conduct a walk-through inspection or to claim that an item is not as represented shall not constitute a waiver by Buyer of the right to receive, on the date of possession, the items as represented. If the items are not as represented, Seller shall cause all applicable items to be corrected, repaired or replaced (the "Work") prior to the Settlement Deadline referenced in Section 24(d).
**11.2      Escrow to Complete the Work.** If, as of Settlement, the Work has not been completed, then Buyer and Seller agree to withhold in escrow at Settlement a reasonable amount agreed to by Seller, (and Lender, if applicable), sufficient to pay for completion of the Work. If the Work is not completed within thirty (30) calendar days after the Settlement Deadline, the amount so escrowed may, subject to Lender's approval, be released to Buyer as liquidated damages for failure to complete the Work. The provisions of this Section 11.2 shall survive Closing.

**12. CHANGES DURING TRANSACTION.** Seller agrees that from the date of Acceptance until the date of Closing, none of the following shall occur without the prior written consent of Buyer: (a) no changes in any leases, rental or property

Page 4 of 6 pages    Buyer's Initials _____ Date __2/17/2017__    Seller's Initials __BB_____ Date _____
                                                                                                          2/18/2017

2/18/2017

management agreements shall be made; (b) no new lease, rental or property management agreements shall be entered into; (c) no substantial alterations or improvements to the Property shall be made or undertaken; (d) no further financial encumbrances to the Property shall be made, and (e) no changes in the legal title to the Property shall be made.

**13. AUTHORITY OF SIGNERS.** If Buyer or Seller is a corporation, partnership, trust, estate, limited liability company or other entity, the person signing the REPC on its behalf warrants his or her authority to do so and to bind Buyer and Seller.

**14. COMPLETE CONTRACT.** The REPC together with its addenda, any attached exhibits, and Seller Disclosures (collectively referred to as the "REPC"), constitutes the entire contract between the parties and supersedes and replaces any and all prior negotiations, representations, warranties, understandings or contracts between the parties whether verbal or otherwise. The REPC cannot be changed except by written agreement of the parties.

**15. MEDIATION.** Any dispute relating to the REPC arising prior to or after Closing: **[ ] SHALL [X] MAY AT THE OPTION OF THE PARTIES** first be submitted to mediation. Mediation is a process in which the parties meet with an impartial person who helps to resolve the dispute informally and confidentially. Mediators cannot impose binding decisions. The parties to the dispute must agree before any settlement is binding. The parties will jointly appoint an acceptable mediator and share equally in the cost of such mediation. If mediation fails, the other procedures and remedies available under the REPC shall apply. Nothing in this Section 15 prohibits any party from seeking emergency legal or equitable relief, pending mediation. The provisions of this Section 15 shall survive Closing.

**16. DEFAULT.**

**16.1  Buyer Default.** If Buyer defaults, Seller may elect one of the following remedies: (a) cancel the REPC and retain the Earnest Money Deposit, or Deposits, if applicable, as liquidated damages; (b) maintain the Earnest Money Deposit, or Deposits, if applicable, in trust and sue Buyer to specifically enforce the REPC; or (c) return the Earnest Money Deposit, or Deposits, if applicable, to Buyer and pursue any other remedies available at law.

**16.2  Seller Default.** If Seller defaults, Buyer may elect one of the following remedies: (a) cancel the REPC, and in addition to the return of the Earnest Money Deposit, or Deposits, if applicable, Buyer may elect to accept from Seller, as liquidated damages, a sum equal to the Earnest Money Deposit, or Deposits, if applicable; or (b) maintain the Earnest Money Deposit, or Deposits, if applicable, in trust and sue Seller to specifically enforce the REPC; or (c) accept a return of the Earnest Money Deposit, or Deposits, if applicable, and pursue any other remedies available at law. If Buyer elects to accept liquidated damages, Seller agrees to pay the liquidated damages to Buyer upon demand.

**17. ATTORNEY FEES AND COSTS/GOVERNING LAW.** In the event of litigation or binding arbitration to enforce the REPC, the prevailing party shall be entitled to costs and reasonable attorney fees. However, attorney fees shall not be awarded for participation in mediation under Section 15. This contract shall be governed by and construed in accordance with the laws of the State of Utah. The provisions of this Section 17 shall survive Closing.

**18. NOTICES.** Except as provided in Section 23, all notices required under the REPC must be: (a) in writing; (b) signed by the Buyer or Seller giving notice; and (c) received by the Buyer or the Seller, or their respective agent, or by the brokerage firm representing the Buyer or Seller, no later than the applicable date referenced in the REPC.

**19. NO ASSIGNMENT.** The REPC and the rights and obligations of Buyer hereunder, are personal to Buyer. The REPC may not be assigned by Buyer without the prior written consent of Seller. Provided, however, the transfer of Buyer's interest in the REPC to any business entity in which Buyer holds a legal interest, including, but not limited to, a family partnership, family trust, limited liability company, partnership, or corporation (collectively referred to as a "Permissible Transfer"), shall not be treated as an assignment by Buyer that requires Seller's prior written consent. Furthermore, the inclusion of "and/or assigns" or similar language on the line identifying Buyer on the first page of the REPC shall constitute Seller's written consent only to a Permissible Transfer.

**20. INSURANCE & RISK OF LOSS.**

**20.1  Insurance Coverage.** As of Closing, Buyer shall be responsible to obtain casualty and liability insurance coverage on the Property in amounts acceptable to Buyer and Buyer's Lender, if applicable.

**20.2  Risk of Loss.** If prior to Closing, any part of the Property is damaged or destroyed by fire, vandalism, flood, earthquake, or act of God, the risk of such loss or damage shall be borne by Seller; provided however, that if the cost of repairing such loss or damage would exceed ten percent (10%) of the Purchase Price referenced in Section 2, either Seller or Buyer may elect to cancel the REPC by providing written notice to the other party, in which instance the Earnest Money Deposit, or Deposits, if applicable, shall be returned to Buyer.

**21. TIME IS OF THE ESSENCE.** Time is of the essence regarding the dates set forth in the REPC. Extensions must be agreed to in writing by all parties. Unless otherwise explicitly stated in the REPC: (a) performance under each Section of the REPC which references a date shall absolutely be required by 5:00 PM Mountain Time on the stated date; and (b) the term "days" and "calendar days" shall mean calendar days and shall be counted beginning on the day following the event which triggers the timing requirement (e.g. Acceptance). Performance dates and times referenced herein shall not be

Page 5 of 6 pages     Buyer's Initials _____ Date _2/17/2017_     Seller's Initials _____ Date_____

2/18/2017

2/18/2017

binding upon title companies, lenders, appraisers and others not parties to the REPC, except as otherwise agreed to in writing by such non-party.

**22. ELECTRONIC TRANSMISSION AND COUNTERPARTS.** Electronic transmission (including email and fax) of a signed copy of the REPC, any addenda and counteroffers, and the retransmission of any signed electronic transmission shall be the same as delivery of an original. The REPC and any addenda and counteroffers may be executed in counterparts.

**23. ACCEPTANCE.** "Acceptance" occurs **only** when **all** of the following have occurred: (a) Seller or Buyer has signed the offer or counteroffer where noted to indicate acceptance; and (b) Seller or Buyer or their agent has communicated to the other party or to the other party's agent that the offer or counteroffer has been signed as required.

**24. CONTRACT DEADLINES.** Buyer and Seller agree that the following deadlines shall apply to the REPC:

| | | | |
|---|---|---|---|
| (a) | **Seller Disclosure Deadline** | 02/24/2017 | (Date) |
| (b) | **Due Diligence Deadline** | 03/06/2017 | (Date) |
| (c) | **Financing & Appraisal Deadline** | 03/29/2017 | (Date) |
| (d) | **Settlement Deadline** | 03/31/2017 | (Date) |

**25. OFFER AND TIME FOR ACCEPTANCE.** Buyer offers to purchase the Property on the above terms and conditions. If Seller does not accept this offer by: 5:00 [ ] AM [x] PM Mountain Time on 02/18/2017 (Date), this offer shall lapse; and the Brokerage shall return any Earnest Money Deposit to Buyer.

|  |  |  |  |
|---|---|---|---|
| _(signature)_    2/17/2017 | | _(signature)_    2/17/2017 | |
| (Buyer's Signature) | (Offer Date) | (Buyer's Signature) | (Offer Date) |

| | | | |
|---|---|---|---|
| (Buyer's Names) **(PLEASE PRINT)** | (Notice Address) | (Zip Code) | (Phone) |

| | | | |
|---|---|---|---|
| (Buyer's Names) **(PLEASE PRINT)** | (Notice Address) | (Zip Code) | (Phone) |

<b>ACCEPTANCE/COUNTEROFFER/REJECTION</b>

**CHECK ONE:**

[ ] **ACCEPTANCE OF OFFER TO PURCHASE:** Seller Accepts the foregoing offer on the terms and conditions specified above.

[x] **COUNTEROFFER:** Seller presents for Buyer's Acceptance the terms of Buyer's offer subject to the exceptions or modifications as specified in the attached ADDENDUM NO. 2 .

[ ] **REJECTION:** Seller rejects the foregoing offer.

|  |  |  |  |
|---|---|---|---|
| _Brian Backstrom_    2/18/2017 | | _(signature)_    2/18/2017 | |
| (Seller's Signature) | (Date) (Time) | (Seller's Signature) | (Date)(Time) |

| | | | |
|---|---|---|---|
| (Seller's Names) **(PLEASE PRINT)** | (Notice Address) | (Zip Code) | (Phone) |

| | | | |
|---|---|---|---|
| (Seller's Names) **(PLEASE PRINT)** | (Notice Address) | (Zip Code) | (Phone) |

**THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL, EFFECTIVE AUGUST 27, 2008. AS OF JANUARY 1, 2009, IT WILL REPLACE AND SUPERSEDE THE PREVIOUSLY APPROVED VERSION OF THIS FORM.**

|  |  |  |  |  |
|---|---|---|---|---|
| Page 6 of 6 pages | Buyer's Initials _____ _____ Date 2/17/2017 | Seller's Initials _BB_ _____ Date _____    2/18/2017 |

_(signature)_    2/18/2017

**FHA/VA LOAN ADDENDUM**
**TO**
**REAL ESTATE PURCHASE CONTRACT**

**THIS IS AN ADDENDUM** to that REAL ESTATE PURCHASE CONTRACT (the "REPC" with an Offer Reference Date of __02/17/2017__, 20 ____, including all prior addenda and counteroffers, between __Matt & Stephanie Wilber__ as Buyer, and __BECKSTROM BRICE & NICOLE__ as Seller, regarding the Property located at __2301 BRYSON Circle, Santa Clara, UT 84765__. The following terms are hereby incorporated as part of the REPC. All references to FHA/VA shall mean the Federal Housing Administration/Department of Veterans Affairs. **(CHECK APPLICABLE BOXES)**

1.      Buyer **[ X ] DOES [      ] DOES NOT** intend to occupy the Property as his/her residence.

2.      Buyer shall not be obligated to complete the purchase of the Property or incur any penalty or forfeiture of the Earnest Money Deposit or other down payment, or otherwise be obligated to purchase the Property, if: (a) for a VA loan, the Purchase Price exceeds the reasonable value of the Property established by the VA Certificate of Reasonable Value or VA appraisal; or (b) for an FHA loan, the Purchase Price exceeds the appraised value of the Property (excluding closing costs) established by the FHA appraisal. Buyer shall, however, have the right to complete the sale without regard to the amount of the appraised valuation made by the applicable FHA or the VA. The appraised valuation is used to determine the maximum loan that FHA will insure or VA will guarantee. Neither FHA nor the VA warrants the value or condition of the Property. Buyer should satisfy himself/herself that the price and condition of the Property are acceptable. Buyer acknowledges that an FHA/VA appraisal does not constitute a property inspection.

3.      Seller shall make any and all appraisal required repairs, provided that the cost does not exceed $ __150.00__ .

4.      If required by applicable FHA or VA rules, Seller shall furnish Buyer with a current Pest Control Report showing the Property to be free and clear from termite infestation. In the event of termite infestation, Seller shall eradicate the same and repair any damage at Seller's expense, provided that the cost does not exceed $ __150.00__ .

5.      There are certain costs associated with the granting of a mortgage loan, some of which FHA/VA will not allow the Buyer to pay. **(Check applicable box):**

      5.1      **[ X ]**   Seller shall contribute at settlement an amount toward payment of loan discount points and other loan and closing related costs ("Loan Costs"). The amount of Seller's contribution shall be $ __11,196.50__ . Such contribution shall first be applied to Loan Costs that FHA/VA will not permit Buyer to pay, and any remainder shall be allocated at Buyer's discretion toward remaining Loan Costs. Seller shall have no further obligation toward Loan Costs. If the amount of Seller's contribution exceeds the amount of actual Loan Costs, then such excess shall be returned to Seller. Seller's agreement to contribute toward payment of Loan Costs shall not modify Seller's obligations under Section 3 of the REPC.

      5.2      **[      ]**   Seller shall not contribute any amount toward Loan Costs.

6.      [APPLIES TO FHA ONLY] The undersigned hereby certify that the terms of the REPC are true to the best of our knowledge and belief, and that any other agreement entered into by any of the parties has been fully disclosed and is attached to the REPC.

7.      If any provision in the REPC or this ADDENDUM is inconsistent with any currently applicable law governing FHA/VA loan transactions, then to the extent of such inconsistency, that law shall govern.

Page 1 of 2 pages   Buyer's Initials _____ Date 2/17/2017   Seller's Initials _____ Date _____

BB   2/18/2017

2/18/2017

To the extent the terms of this ADDENDUM modify or conflict with any provisions of the REPC, including all prior addenda and counteroffers, these terms shall control. All other terms of the REPC, including all prior addenda and counteroffers, not modified by this ADDENDUM shall remain the same. **[ X ] Seller [ ] Buyer** shall have until __5:00__ **[ ] AM [X] PM** Mountain Time __02/18/2017__ (Date), to accept the terms of this FHA/VA LOAN ADDENDUM in accordance with the provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in FHA/VA LOAN ADDENDUM shall lapse.

| | 2/17/2017 | | | | 2/17/2017 | |
|---|---|---|---|---|---|---|
| [x] Buyer/Seller Signature | Date | Time | | [x] Buyer/Seller Signature | Date | Time |

## ACCEPTANCE/COUNTEROFFER/REJECTION

CHECK ONE:

**[ ] ACCEPTANCE: [ ] Seller [ ] Buyer** hereby accepts the terms of this FHA/VA LOAN ADDENDUM.

**[ x ] COUNTEROFFER: [x] Seller [ ] Buyer** presents as a counteroffer the terms of attached ADDENDUM NO. __2__.

**[ ] REJECTION: [ ] Seller [ ] Buyer** rejects the foregoing FHA/VA LOAN ADDENDUM.

| _Brice Beckstrom_ | 2/18/2017 | | | | 2/18/2017 | |
|---|---|---|---|---|---|---|
| (Signature) | (Date) | (Time) | (Signature) | | (Date) | (Time) |

| | | | | | | |
|---|---|---|---|---|---|---|
| (Signature) | (Date) | (Time) | (Signature) | | (Date) | (Time) |

**THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL, EFFECTIVE AUGUST 27, 2008. AS OF JANUARY 1, 2009, IT WILL REPLACE AND SUPERCEDE THE PREVIOUSLY APPROVED VERSION OF THIS FORM.**

Page 2 of 2 pages  Buyer's Initials _____ Date 2/17/2017  Seller's Initials _BB_ 2/18/2017 Date _____

2/18/2017

## ADDENDUM NO. 2
## TO
## REAL ESTATE PURCHASE CONTRACT

**THIS IS AN [ ] ADDENDUM [X] COUNTEROFFER** to that REAL ESTATE PURCHASE CONTRACT (the "REPC") with an Offer Reference Date of __02/17/2017_____, including all prior addenda and counteroffers, between __Matt & Stephanie Wilber_____ as Buyer, and __Beckstrom, Brice & Nicole_____ as Seller, regarding the Property located at __2301 Bryson Circle, Santa Clara, UT 84765_____. The following terms are hereby incorporated as part of the REPC:

__1. Seller will not contribute any closing costs as indicated in FHA/VA Loan Addendum Section 5.1.__

__2. All other terms remain the same.__

**BUYER AND SELLER AGREE THAT THE CONTRACT DEADLINES REFERENCED IN SECTION 24 OF THE REPC (CHECK APPLICABLE BOX): [X] REMAIN UNCHANGED [ ] ARE CHANGED AS FOLLOWS:_____**

To the extent the terms of this ADDENDUM modify or conflict with any provisions of the REPC, including all prior addenda and counteroffers, these terms shall control. All other terms of the REPC, including all prior addenda and counteroffers, not modified by this ADDENDUM shall remain the same. **[ ] Seller [X] Buyer** shall have until __5:00__ **[ ] AM [X] PM** Mountain Time on __02/19/2017_____(Date), to accept the terms of this ADDENDUM in accordance with the provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in this ADDENDUM shall lapse.

| *Brice Beckstrom* | 2/18/2017 | | *[signature]* | 2/18/2017 |
|---|---|---|---|---|
| **[ ] Buyer [X] Seller** Signature | (Date) | (Time) | **[ ] Buyer [X] Seller** Signature | (Date) (Time) |

### ACCEPTANCE/COUNTEROFFER/REJECTION

CHECK ONE:

**[X] ACCEPTANCE: [ ] Seller [X] Buyer** hereby accepts the terms of this ADDENDUM.

**[ ] COUNTEROFFER: [ ] Seller [ ] Buyer** presents as a counteroffer the terms of attached ADDENDUM NO. _____.

| *[signature]* | 2/18/2017 | | *[signature]* | 2/18/2017 |
|---|---|---|---|---|
| (Signature) | (Date) | (Time) | (Signature) | (Date) (Time) |

**[ ] REJECTION: [ ] Seller [ ] Buyer** rejects the foregoing ADDENDUM.

| | | | | |
|---|---|---|---|---|
| (Signature) | (Date) | (Time) | (Signature) | (Date) (Time) |

THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL, EFFECTIVE AUGUST 5, 2003.  IT REPLACES AND SUPERSEDES ALL PREVIOUSLY APPROVED VERSIONS OF THIS FORM.

Page <u>1</u> of <u>1</u>

# ADDENDUM NO.  8
## TO
## REAL ESTATE PURCHASE CONTRACT

THIS IS AN [x] ADDENDUM  [  ] COUNTEROFFER to that REAL ESTATE PURCHASE CONTRACT (the "REPC") with
an Offer Reference Date of <u>02/17/2017</u>, including all prior addenda and counteroffers, between
<u>Matt & Stephanie Wilber</u> as Buyer, and <u>BECKSTROM BRICE & NICOLE</u> as Seller,
regarding the Property located at <u>2301 BRYSON Circle Santa Clara Utah 84765</u>. The
following terms are hereby incorporated as part of the REPC:
<u>1. Settlement deadline to be on or before 04/28/2017</u>

BUYER AND SELLER AGREE THAT THE CONTRACT DEADLINES REFERENCED IN SECTION 24 OF THE REPC
(CHECK APPLICABLE BOX): [ ] REMAIN UNCHANGED [x] ARE CHANGED AS FOLLOWS:_____
<u>See above</u>

To the extent the terms of this ADDENDUM modify or conflict with any provisions of the REPC, including all prior addenda
and counteroffers, these terms shall control. All other terms of the REPC, including all prior addenda and counteroffers,
not modified by this ADDENDUM shall remain the same. [ X ] Seller [  ] Buyer shall have until <u>1:00</u> [  ] AM [X] PM
Mountain Time on <u>03/31/2017</u> (Date), to accept the terms of this ADDENDUM in accordance with the
provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in this ADDENDUM shall lapse.

| | 3/30/2017 | | | 3/30/2017 |
| --- | --- | --- | --- | --- |
| [x] Buyer [ ] Seller Signature | (Date) | (Time) | [X] Buyer [ ] Seller Signature | (Date) (Time) |

## ACCEPTANCE/COUNTEROFFER/REJECTION

CHECK ONE:
[x] ACCEPTANCE: [x] Seller [  ] Buyer hereby accepts the terms of this ADDENDUM.

[ ] COUNTEROFFER: [  ] Seller [  ] Buyer presents as a counteroffer the terms of attached ADDENDUM NO. _____.

| _Brice Beckstrom_ | 3/30/2017 | | | 3/30/2017 |
| --- | --- | --- | --- | --- |
| (Signature) | (Date) | (Time) | (Signature) | (Date) (Time) |

[ ] REJECTION: [  ] Seller [  ] Buyer rejects the foregoing ADDENDUM.

| | | | | |
| --- | --- | --- | --- | --- |
| (Signature) | (Date) | (Time) | (Signature) | (Date) (Time) |

THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL,
EFFECTIVE AUGUST 5, 2003.  IT REPLACES AND SUPERSEDES ALL PREVIOUSLY APPROVED VERSIONS OF THIS FORM.

Page <u>1</u> of <u>1</u>

## ADDENDUM NO. 7
## TO
## REAL ESTATE PURCHASE CONTRACT

**THIS IS AN [ ] ADDENDUM [X] COUNTEROFFER** to that REAL ESTATE PURCHASE CONTRACT (the "REPC") with an Offer Reference Date of <u>02/17/2017</u>, including all prior addenda and counteroffers, between <u>Matt & Stephanie Wilber</u> as Buyer, and <u>Beckstrom, Brice & Nicole</u> as Seller, regarding the Property located at <u>2301 Bryson Circle, Santa Clara, UT 84765</u>. The following terms are hereby incorporated as part of the REPC:

<u>1. Buyer shall deposit an additional $2,000.00 earnest money.</u>

<u>2. A total of $4,000.00 earnest money shall be released to Seller and become non-refundable.</u>

<u>3. All other terms remain the same.</u>

**BUYER AND SELLER AGREE THAT THE CONTRACT DEADLINES REFERENCED IN SECTION 24 OF THE REPC (CHECK APPLICABLE BOX): [X] REMAIN UNCHANGED [ ] ARE CHANGED AS FOLLOWS:**_____

To the extent the terms of this ADDENDUM modify or conflict with any provisions of the REPC, including all prior addenda and counteroffers, these terms shall control. All other terms of the REPC, including all prior addenda and counteroffers, not modified by this ADDENDUM shall remain the same. **[ ] Seller [X] Buyer** shall have until <u>5:00</u> **[ ] AM [X] PM** Mountain Time on <u>03/30/2017</u> (Date), to accept the terms of this ADDENDUM in accordance with the provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in this ADDENDUM shall lapse.

_Brice Beckstrom_                    3/30/2017                    _____                    3/30/2017
**[ ] Buyer [X] Seller Signature   (Date)   (Time)          [ ] Buyer [X] Seller Signature   (Date)   (Time)**

### ACCEPTANCE/COUNTEROFFER/REJECTION

CHECK ONE:

**[X] ACCEPTANCE: [ ] Seller [X] Buyer** hereby accepts the terms of this ADDENDUM.

**[ ] COUNTEROFFER: [ ] Seller [ ] Buyer** presents as a counteroffer the terms of attached ADDENDUM NO. ____.

_____                    3/30/2017                    _Stephanie Wilber_                    3/30/2017
(Signature)                    (Date)   (Time)          (Signature)                    (Date)   (Time)

**[ ] REJECTION: [ ] Seller [ ] Buyer** rejects the foregoing ADDENDUM.

_____          _____          _____          _____          _____
(Signature)                    (Date)   (Time)          (Signature)                    (Date)   (Time)

THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL, EFFECTIVE AUGUST 5, 2003.  IT REPLACES AND SUPERSEDES ALL PREVIOUSLY APPROVED VERSIONS OF THIS FORM.

# Exhibit B



# Underwriting Decision Document
## STATUS: Approved

| Loan Info | | Borrower/Property Info | |
|---|---|---|---|
| Loan #: | ████8958 | Name: | Matt Wilber |
| Purpose: | Purchase | Loan Amt: $307,742.00 | |
| | | Amort/Term: Fixed/360 mos | Stephanie Wilber |
| Lien/Occ: | First Lien/PrimaryResidence | DTI: 22.438/44.362% | Address: 2301 Bryson Cir |
| Impounds: | Not Waived | LTV/CLTV: 94.545/94.545% | Santa Clara, UT 84765 |
| Doc Type: | FullDocumentation | FICO: 591 | Type: Detached |
| Rate: | 4.625% | Gov't Case #: ████████ | Value: $320,000 |
| Program: | BAY30FHA | Est Close: 03/31/2017 | Price: 319,900.00 |

| Originator Info | | Underwriter Info | |
|---|---|---|---|
| LO: | Ben Zitting | UW Decision: Approved | Decision Date: 04/05/2017 |
| | bzitting@bayeq.com | Approval Exp: 04/30/2017 | CTC Date: // |
| | 435-574-1011 | Rate Exp: 04/14/2017 | Appr'd Code: BAY30FHA |
| Processor: | Marlyn Smith | Underwriter: Dora McClaskey | |
| | mrsmith@bayeq.com | dmcclaskey@bayeq.com | |
| | 970-242-7000 | 970-683-4132 | |

**\*\*In order to streamline the review of your conditions, please upload all conditions prior to completing the PTD Submitted milestone\*\***

## PRIOR TO APPROVAL CONDITIONS
Reason for Suspense:

## PRIOR TO DOCS CONDITIONS

- LDP/GSA - Processor to run the Appraiser and the Appraisal Company
- RECEIPT OF A DIRECT VERIFICATION OF RENT - FROM LANDLORD FOR THE MOST RECENT 12 MONTHS
- 2113 - Receipt of Gift - Document receipt of gift funds. Dollar amount of gift received, donor and financial institution must match gift letter.
- RECEIPT OF APPROVAL FROM CHAPTER 13 - BANKRUPTCY TRUSTEE FOR BORROWERS TO ENTER INTO THIS TRANSACTION ASND OBTAIN A MORTGAGE
- TITLE COMMITMENT REFLECTS 3 JUDGEMENTS AGAINST - AGAINST OUR BORROWERS - NEED TO KNOW STATUS OF THESE JUDGEMENTS AND THEY MUST BE REMOVED AS CONDITIONS OF THE TITLE COMMITMENT
- RECEIPT OF DOCUMENTATION CONFIRMING - CO-BORROWERS RECEIPT OF CHILD SUPPORT INCOME FOR THE MOST RECENT 12 MONTHS
- RECEIPT OF A COPY OF THE DEED CONFIRMING - THE DATE OF FORECLOSURE - TIME SINCE FORECLOSURE MUST MEET INVESTOR GUIDELINES/REQUIREMENTS

## PRIOR TO FUNDING CONDITIONS

- FINAL VVOE - UW ASST TO COMPLETE
- VERIFICATION OF FINAL VVOE - CLOSER TO CONFIRM THE EXPIRATION DATE.
- TO BE SIGNED AT CLOSING -
- ELECTRONIC APPRAISAL MUST BE UPLOADED - IN EAD FOR THIS CASE
- 2016 - Sign Tax Returns - Borrower(s) to sign (  )1040's, (  )1065's, (  )1120's at closing for years 2014 & 2015.

## INTERNAL CONDITIONS

- 3203 - HUD-92900LT - Transmittal Summary - Underwriter to complete Transmittal Summary, including notes section and signature, as applicable
- 1006 - Final 1003 - All borrowers and Loan Originator to sign final 1003.
- 2118 - Minimum Required Investment - Borrower's "Minimum" contribution must be at least $17450.00
- 2119 - Maximum Cash to Close - Purchase - Borrower(s) "Maximum" cash to close is not to exceed $22605.64, including earnest money deposit.
- 1026 - Credit Doc Expiration Dates - - Credit: 6/30/17  Income: 7/12/17  Assets: TBD  Appraisal: 7/1/17  Prelim:  7/3/17

- 1007 – HUD-92900-A (Final) - All borrower(s) to sign final HUD 92900-A: Page 2 and page 4
- 3207 - MIP/Annual Factors - UFMIP: 1.75% Annual: .80%
- 2121 - Interested Party Contributions - Seller or other interested party to credit borrower up to $0.00 for closing costs and prepaids.  Credit may not exceed actual costs.
- SECEOND LEVEL REVIEW BY MANAGEMENT - DUE TO REFER FROM DU
- UW TO CONFIRM THAT COMPENSATING FACTORS - FOR REFER RESPONSE ARE MET

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state as a basis for repayment of the loan.
If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below).

Borrower _____    Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ Conventional  ☐ Other (explain): ☒ FHA  ☐ USDA/Rural Housing Service | Agency Case Number 521-9662510-703 | Lender Case Number 1703008958 |
|---|---|---|---|

| Amount $ 307,742.00 | Interest Rate 4.625 % | No. of Months 360 | Amortization Type: ☒ Fixed Rate  ☐ Other (explain): ☐ GPM  ☐ ARM (type): |
|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) 2301 Bryson Cir, Santa Clara, UT 84765 County: Washington | No. of Units 1 |
|---|---|

| Legal Description of Subject Property (attach description if necessary) see title report | Year Built 2000 |
|---|---|

| Purpose of Loan: ☒ Purchase  ☐ Construction  ☐ Other (explain): ☐ Refinance  ☐ Construction-Permanent | Property will be: ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|

*Complete this line if construction or construction-permanent loan.*

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

*Complete this line if this is a refinance loan.*

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made Cost $ |
|---|---|---|---|---|

| Title will be held in what Name(s) Matt Wilber, Stephanie Wilber | Manner in which Title will be held Husband And Wife as Joint Tenants | Estate will be held in: ☒ Fee Simple ☐ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) FHAGiftSourceRelative |
|---|

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) Matt Wilber | Co-Borrower's Name (include Jr. or Sr. if applicable) Stephanie Wilber |

| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) 02/23/1977 | Yrs. School 12 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) 10/25/1978 | Yrs. School 12 |
|---|---|---|---|---|---|---|---|

| ☒ Married  ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. 5  ages 10,13,15,16,11 | ☒ Married  ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no. 5  ages 10,13,15,16,11 |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☐ Own ☒ Rent No. Yrs. 1210 W Indian Hills DR # 8 St George, UT 84770  3Y0M | Present Address (street, city, state, ZIP) ☐ Own ☒ Rent No. Yrs. 1210 W Indian Hills DR # 8 St George, UT 84770  3Y0M |
|---|---|

| Mailing Address, if different from Present Address 1210 W Indian Hills DR # 8 St George,UT 84770 | Mailing Address, if different from Present Address 1210 W Indian Hills DR # 8 St George, UT 84770 |
|---|---|

*If residing at present address for less than two years, complete the following:*

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Name & Address of Employer ☐ Self Employed Yrs. on this job 3Y0M | Name & Address of Employer ☐ Self Employed Yrs. on this job 2Y8M |
| Crusher Rental and Sales 6249 W Gilbert Industrial Court. Hurricane, UT 84737 | Yrs. employed in this line of work/profession 3 | Washington School Dist 121 W Tabernacle St George, UT 84770 | Yrs. employed in this line of work/profession 3 |

| Position/Title/Type of Business Parts Salesman / Equipment | Business Phone (incl. area code) 435-619-4223 | Position/Title/Type of Business Teacher / School | Business Phone (incl. area code) 435-673-3553 |
|---|---|---|---|

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Name & Address of Employer ☐ Self Employed | Dates (from-to) 12/15/2014 PRESENT | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| Cherry Creek Media 750 West Ridge View Dr. #204 St George, UT 84770 | Monthly Income $1300 | | Monthly Income $ |

| Position/Title/Type of Business RADIO MORNING SHOW HOST / Radi | Business Phone (incl. area code) 435-673-3579 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 3,039.21 | $ 4,317.67 | $ 7,356.88 | Rent | $ 1,600.00 | $ |
| Overtime | | | | First Mortgage (P&I) | | $ 1,582.22 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 61.58 |
| Dividends/Interest | | | | Real Estate Taxes | | 168.17 |
| Net Rental Income | | | | Mortgage Insurance | | 200.19 |
| Other (before completing, see the notice in "describe other income," below) | 1,210.67 | 400.00 | 1,610.67 | Homeowner Assn. Dues | | |
| | | | | Other: | | 0.00 |
| Total | $ 4,249.88 | $ 4,717.67 | $ 8,967.55 | Total | $ 1,600.00 | $ 2,012.16 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Described Other Income** *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| C | AlimonyChildSupport | $ 400.00 |
| B | 2nd Job - Cherry Creek | 1,210.67 |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.  Completed ☐ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | | Monthly Payment & Months Left to Pay | Unpaid Balance |
| | | **LIABILITIES** | | |
| *List checking and savings accounts below* | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union **gift funds** | | DITECH FIN 500 LANDMARK TOWER ST PAUL, MN 55102 | (1,782.00) 314 | (306,529.00) |
| | | Acct. no. 68940242 | | |
| Acct. no. | $ 23,500.00 | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | FEDLOAN | (120.00) 89 | (11,029.00) |
| | | Acct. no. 3979330799FD00004 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | JORDAN CU | (50.00) 208 | (10,377.00) |
| | | Acct. no. 856992******31216 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | FEDLOAN | (103.00) 101 | (9,973.00) |
| | | Acct. no. 3979330799FD00005 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number & description) | $ | FEDLOAN | (106.00) 93 | (9,009.00) |
| | | Acct. no. 3979330799FD00001 | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | FEDLOAN | (106.00) 93 | (9,009.00) |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 23,500.00 | Acct. no. 3979330799FD00002 | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | See Sch Of Liabilities | 861.00 | 37,162.00 |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | ALIMONY/CHILD SUPPORT | 1,528.00 | |
| | | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | 1,966.00 | |
| Total Assets a. | $ 23,500.00 | Net Worth (a minus b) $ 13,221.00 | Total Liabilities b. | $ 10,279.00 |

Uniform Residential Loan Application
Freddie Mac Form 65   7/05 (rev.6/09)                    Page 2 of 4                    Fannie Mae Form 1003   7/05 (rev.6/09)

Matt Wilber

1003 Page 2 04/2011 – Encompass360®

Bay Equity LLC

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | Totals | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

| VII. DETAILS OF TRANSACTION | | VIII. DECLARATIONS | | | | |
|---|---|---|---|---|---|---|
| | | | Borrower | | Co-Borrower | |
| | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Yes | No | Yes | No |
| a. Purchase Price | $ 319,900.00 | | | | | |
| b. Alterations, improvements, repairs | | a. Are there any outstanding judgments against you? | ☒ | ☐ | ☐ | ☒ |
| c. Land (if acquired separately) | | b. Have you been declared bankrupt within the past 7 years? | ☒ | ☐ | ☒ | ☐ |
| d. Refinance (incl. debts to be paid off) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☒ | ☒ | ☐ |
| e. Estimated prepaid items | 1,101.42 | | | | | |
| f. Estimated closing costs | 3,201.00 | d. Are you a party to a lawsuit? | ☐ | ☒ | ☐ | ☒ |
| g. PMI, MIP, Funding Fee | 5,292.88 | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title or deed in lieu of foreclosure, or judgment? | ☐ | ☒ | ☐ | ☒ |
| h. Discount (if Borrower will pay) | 3,077.42 | (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | | | |
| i. Total costs (add items a through h) | 332,572.72 | | | | | |
| j. Subordinate financing | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond or loan guarantee? | ☐ | ☒ | ☐ | ☒ |
| k. Borrower's closing costs paid by Seller | | If "Yes," give details as described in the preceding question. | | | | |
| l. Other Credits (explain) | | g. Are you obligated to pay alimony, child support, or separate maintenance? | ☒ | ☐ | ☐ | ☒ |
| LenderCredit | 1,330.72 | h. Is any part of the down payment borrowed? | ☐ | ☒ | ☐ | ☒ |
| | | i. Are you a co-maker or endorser on a note? | ☐ | ☒ | ☐ | ☒ |
| | | j. Are you a U.S. citizen? | ☒ | ☐ | ☒ | ☐ |
| | | k. Are you a permanent resident alien? | ☐ | ☒ | ☐ | ☒ |
| | | l. Do you intend to occupy the property as your primary residence? | ☒ | ☐ | ☒ | ☐ |
| | | If "Yes," complete question m below. | | | | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 302,450.00 | m. Have you had an ownership interest in a property in the last three years? | ☐ | ☒ | ☐ | ☒ |
| n. PMI, MIP, Funding Fee financed | 5,292.00 | (1) What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | | | | |
| o. Loan amount (add m & n) | 307,742.00 | (2) How did you hold title to the home — solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | | |
| p. Cash from / to Borrower (subtract j, k, l & o from i) | 23,500.00 | | | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges, that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement:** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature X | Date | Co-Borrower's Signature X | Date |
|---|---|---|---|

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER ☐ I do not wish to furnish this information. | CO-BORROWER ☐ I do not wish to furnish this information. |
|---|---|
| Ethnicity: ☐ Hispanic or Latino  ☒ Not Hispanic or Latino | Ethnicity: ☐ Hispanic or Latino  ☒ Not Hispanic or Latino |
| Race: ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White | Race: ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White |
| Sex: ☐ Female  ☒ Male | Sex: ☒ Female  ☐ Male |

**To be Completed by Loan Originator**

This information was provided:
☐ In a face-to-face interview     ☐ By the applicant and submitted by fax or mail
☒ In a telephone interview     ☐ By the applicant and submitted via e-mail or the Internet

| Loan Originator's Signature X | Date 03/16/2017 |
|---|---|
| Loan Originator's Name (print or type) **Ben Zitting** | Loan Originator Identifier 9179 / State License # - 5491304 | Loan Originator's Phone Number (including area code) 435-574-1011 |
| Loan Origination Company's Name **Bay Equity LLC** | Loan Origination Company Identifier 76988 / State License # - 7953347 | Loan Origination Company's Address 20 N. Main Street, Suite 205 Saint George, UT 84770 |

Matt Wilber

Uniform Residential Loan Application
Freddie Mac Form 65   7/05 (rev.6/09)                     Page 3 of 4                     Fannie Mae Form 1003   7/05 (rev.6/09)

1003 Page 3 04/2011 — Encompass360®

## Continuation Sheet/Residential Loan Application

| | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. | Borrower:<br>**Matt Wilber** | Agency Case Number:<br>521-9662510-703 |
| | Co-Borrower:<br>**Stephanie Wilber** | Lender Case Number:<br>1703008958 |

### VI. ASSETS AND LIABILITIES

| Assets | Cash or Market Value | Liabilities | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**OFFICE RECOVERY SERVIC**<br><br>PO BOX 45011<br>SALT LAKE CITY, UT 84145 | $ Payment/Months<br><br>(0.00)<br>0 | $<br><br>(7,692.00) |
| Acct. No. | $ | Acct. No. ░░░░░░░░ | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**UTAH HIGH ED**<br><br>3 TRIAD CENTER SUITE 550<br>SALT LAKE CITY, UT 84145 | $ Payment/Months<br><br>(0.00)<br>0 | $<br><br>(6,267.00) |
| Acct. No. | $ | Acct. No. *********001 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**FEDLOAN**<br><br> | $ Payment/Months<br><br>(33.00)<br>100 | $<br><br>(2,937.00) |
| Acct. No. | $ | Acct. No. ░░░░░░░░░░░ | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**WFFNATBANK**<br><br>PO BOX 94498 SHANE CO<br>LAS VEGAS, NV 89193 | $ Payment/Months<br><br>(0.00)<br>0 | $<br><br>(2,362.00) |
| Acct. No. | $ | Acct. No. 577442******1684 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**R C WILLEY**<br><br>2301 S. 300 WEST<br>SALT LAKE CITY, UT 84115 | $ Payment/Months<br><br>(70.00)<br>34 | $<br><br>(2,334.00) |
| Acct. No. | $ | Acct. No. ░░░░░░ | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**RC WILLEY HOME FURN**<br><br>2301 S 300 W<br>SALT LAKE CITY, UT 84115 | $ Payment/Months<br><br>(70.00)<br>34 | $<br><br>(2,334.00) |
| Acct. No. | $ | Acct. No. 214243**** | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**EQUITABLE FINANCE COMP**<br><br> | $ Payment/Months<br><br>(240.00)<br>18 | $<br><br>(2,131.00) |
| Acct. No. | $ | Acct. No. 390287540 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**KNIGHT ADJUSTMENT BURE**<br><br>108 JAY DR<br>ALTAMONTE SPRINGS, FL | $ Payment/Months<br><br>(0.00)<br>0 | $<br><br>(620.00) |
| Acct. No. | $ | Acct. No. 117150* | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**KOHLS/CAP1**<br><br> | $ Payment/Months<br><br>(10.00)<br>21 | $<br><br>(206.00) |
| Acct. No. | $ | Acct. No. 639305******1510 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**CREDIT ONE BANK NA**<br><br>PO BOX 98875<br>LAS VEGAS, NV 89193 | $ Payment/Months<br><br>25.00<br>6 | $<br><br>146.00 |
| Acct. No. | $ | Acct. No. 444796******3829 | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature:<br><br>X | Date | Co-Borrower's Signature:<br><br>X | Date |
|---|---|---|---|

**Uniform Residential Loan Application**
**Freddie Mac Form 65   7/05 (rev.6/09)**

Page 4 of 4

Fannie Mae Form 1003   7/05 (rev.6/09)

1003 Page 4 Assets Liabilities 04/2011 – Encompass360®

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. | Borrower:<br>**Matt Wilber**<br>Co-Borrower:<br>**Stephanie Wilber** | Agency Case Number:<br>**521-9662510-703**<br>Lender Case Number:<br>**1703008958** |
|---|---|---|

### VI. ASSETS AND LIABILITIES

| Assets | Cash or Market Value | Liabilities | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**FIRST PREMIER BANK**<br><br>601 S MINNESOTA AVE<br>SIOUX FALLS, SD 57104 | $ Payment/Months<br><br>30.00<br>3 | $<br><br>61.00 |
| Acct. No. | $ | Acct. No. 517800******0184 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**MID AMERICA BANK & TRU** | $ Payment/Months<br><br>37.00<br>2 | $<br><br>59.00 |
| Acct. No. | $ | Acct. No. 405731******4759 | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**CAP ONE**<br><br>PO BOX 98706<br>LAS VEGAS, NV 89193 | $ Payment/Months<br><br>15.00<br>1 | $<br><br>13.00 |
| Acct. No. | $ | Acct. No. 549110****** | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>**Chapter 13 Bankruptcy** | $ Payment/Months<br><br>331.00<br>60 | $<br><br>10,000.00 |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | |
| Acct. No. | $ | Acct. No. | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature:<br><br>X | Date | Co-Borrower's Signature:<br><br>X | Date |
|---|---|---|---|

Uniform Residential Loan Application<br>Freddie Mac Form 65    7/05 (rev.6/09)                Page 4 of 4                Fannie Mae Form 1003    7/05 (rev.6/09)

1003 Page 4 Assets Liabilities 04/2011 – Encompass360®